IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Demetria Latrice Ervin, | ) | C/A No. 0:15-917-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Agape Senior, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Demetria Latrice Ervin, a self-represented litigant, filed this civil action, which the court construed as alleging race discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., against her former employer, identified by Ervin as Agape Senior. (See Order, ECF No. 29.) Ervin additionally alleges a state law defamation claim against the defendant. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's motion to dismiss. (ECF No. 34.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Ervin of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendant's motion. (ECF No. 37.) Ervin filed a response in opposition. (ECF No. 39.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be denied.

**BACKGROUND**

Ervin alleges wrongful termination from her employment by the defendant on June 16, 2014, after an elderly patient claimed that "a black girl with braids . . . snatched the call-light out of the

patient's hand for no reason causing a skin tear." (Compl., ECF No. 1 at 3-4.) Ervin alleges that she did not harm the patient and was wrongfully "singled out" by the defendant as the African-American female responsible for the abuse. (Id. at 3.) Ervin asserts that she had a positive employment history with the defendant prior to the June 2014 incident. (Id.) Ervin further alleges injury to her reputation due to a police report filed against Ervin after this incident. (Id. at 3.) Ervin seeks monetary damages in this case. (Id. at 5.)

The court issued Special Interrogatories to Ervin on March 12, 2015, directing her to clarify the basis for jurisdiction and to address whether steps had been taken to administratively exhaust any employment discrimination claim asserted in the Complaint. (Proper Form Order, ECF No. 8.) Ervin's Answers to the Special Interrogatories indicate that she seeks relief under Title VII and that she pursued administrative exhaustion of this claim by presenting it to the Equal Employment Opportunity Commission ("EEOC"). (Special Interrog. Answers, ECF No. 17 at 1-2.) Ervin further indicates that she received a right-to-sue letter from the EEOC on February 2, 2015 and provided a copy of this letter to the court. (Id. at 2; see also EEOC Letter, ECF No. 17-1 at 1.) Ervin also submitted an affidavit, in which she avers that the termination of her employment was racially motivated. (Ervin Aff., ECF No. 17-2.)

## DISCUSSION

### A.    Applicable Standards

Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary



judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The court observes that it is required to liberally construe *pro se* complaints. Id. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious

case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Defendant's Motion**

The defendant first argues that the Complaint should be dismissed because it fails to state any basis for jurisdiction. (Def.'s Mot., ECF No. 34 at 1.) The defendant further asserts that, to the extent Ervin is attempting to allege a claim under Title VII, she has failed to plead any exhaustion of administrative remedies and has failed to allege any facts to indicate that race played a role in Ervin's termination of employment. (Id. at 2, 4.) The defendant also argues that, to the extent Ervin is seeking to establish state law claims of defamation, slander, or wrongful termination of her employment, Ervin fails to allege facts to support such claims. (Id. at 4-5.) Finally, the defendant asserts that the Complaint should be dismissed because Ervin has failed to obtain and serve a summons which satisfied all of the requirements of Rule 4 of the Federal Rules of Civil Procedure. (Id. at 5.) The defendant believes that Ebenezer Senior Services, LLC, rather than Agape Senior, is the actual target of the instant lawsuit. (Id. at 6.) In support of its motion, the defendant provides affidavit testimony from Betsy Sippel, who avers that Ervin was an employee of Ebenezer Senior



Services, LLC, which does business as "Agapé Rehab–Post-Acute Care Center - Rock Hill" and that Agape Senior, the entity named in this case, "is a marketing name loosely used by dozens of affiliated entities." (Sippel Aff., ECF No. 34-1 at 1.) Thus, to the extent the case is not dismissed, the defendant seeks issuance of an order by the court requiring Ervin to amend the Complaint and summons to name the proper defendant. (Id.)

In her response in opposition to the defendant's motion, Ervin asserts that she deserves relief in this matter. (Pl.'s Resp. Opp'n, ECF No. 39.) Ervin further indicates her belief that she named the correct defendant based on the name Agape Senior appearing on the form terminating Ervin's employment. (Employee Corrective Action Form, ECF No. 39-1 at 2.)

The defendant correctly argues that "[b]efore filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000); see also 42 U.S.C. § 2000e-5(f)(1). Exhaustion of administrative remedies is a statutory prerequisite to properly invoke the jurisdiction of the federal court. See, e.g., Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (stating that "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim"); Davis v. North Carolina Dep't of Corr., 48 F.3d 134, 140 (4th Cir. 1995) (stating that "that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite"). In this case, Ervin's Special Interrogatory Answers, right-to-sue letter, and affidavit, which were submitted by Ervin prior to the court's issuance of an order authorizing service of process on the defendant, provide sufficient information to establish exhaustion of administrative remedies for a Title VII claim and federal jurisdiction over this matter.

PJG

Accordingly, the court finds that the defendant's motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure should be denied.

The defendant argues that Ervin has not pled facts to establish a *prima facie* case of discriminatory disparate treatment. However, she is not required to do so at the pleadings stage. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002) (holding that "an employment discrimination plaintiff need not plead a prima facie case of discrimination . . . to survive [a defendant's] motion to dismiss"); see also McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin., 780 F.3d 582, 584-85 (4th Cir. 2015) (same). In her Complaint, Ervin asserts that she: (1) was wrongfully "singled out" as an African-American female who allegedly abused an elderly patient; (2) was wrongfully terminated by her employer; and (3) "had a good employee history/background with the company" prior to such termination. (Compl., ECF No. 1 at 3-4). In her affidavit, Ervin additionally avers that the termination of her employment by the defendant was racially motivated. (Ervin Aff., ECF No. 17-2 at 1.) With regard to her state law defamation claim, Ervin asserts damage to her reputation and character based on a police report filed subsequent to an assault that Ervin allegedly did not commit. (Compl., ECF No. 1 at 3-4.) Thus, Ervin appears to allege the communication of a false message about herself to a third party. See Banks v. St. Matthew Baptist Church, 750 S.E.2d 605, 607 (S.C. 2013) (listing the elements required to prove defamation). Accordingly, the court finds that Ervin's allegations in support of her Title VII and state law defamation claim, taken as true and liberally construed, are sufficient to "raise a right to relief above

the speculative level," Twombly, 550 U.S. at 555, and withstand the defendant's motion to dismiss pursuant to Rule 12(b)(6).[1]

To the extent Ervin has inadvertently named Agape Senior, rather than Ebenezer Senior Services, LLC, as the defendant in this case, the court agrees that Ervin should be required to amend the summons and Complaint to reflect the proper defendant.[2]

## RECOMMENDATION

Based on the foregoing, the court recommends that the defendant's motion to dismiss (ECF No. 34) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 3, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] The court notes that it has not construed Ervin's Complaint to allege a state law wrongful termination claim. (See ECF No. 29 at 1.)

[2] An order issued contemporaneously herewith directs Ervin to Amend her Complaint and summons to reflect Ebenezer Senior Services, LLC, as the defendant in this case.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  Robin L. Blume, Clerk
>  United States District Court
>  901 Richland Street
>  Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).